UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY PHILLIPS,

    Plaintiff,                              Hon. Paul L. Maloney

v.                                            Case No. 1:24-CV-185

UNKNOWN PARTY #1,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action February 23, 2024, against "Mr. Stephen," the owner of a McDonald's restaurant. (ECF No. 1). Because Plaintiff has been permitted to proceed as pauper (ECF No. 5) the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following. On February 1, 2024, Plaintiff was "beat at the downtown Kalamazoo McDonald's by employees." As a result, Plaintiff is experiencing "foggy thinking, memory loss, trouble sleeping, anxiety, depression, [and] changes to [his] personality." Plaintiff initiated this action against the owner of the McDonald's in question. Plaintiff has not identified this individual, referring to him

2

only as "Mr. Stephen" with the last name redacted. Plaintiff's complaint suffers from at least two shortcomings.

First, Plaintiff alleges that Mr. Stephen acted negligently. This is a claim arising under state law. For the Court to have jurisdiction to hear a state law claim, two requirements must be satisfied: (1) the lawsuit must be between parties who are citizens of different states and (2) the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332. Plaintiff bears the burden to demonstrate that these requirements are satisfied. *Akno 1010 Markey Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Even if the Court infers that the amount in controversy is satisfied, Plaintiff has failed to allege that he and the defendant are citizens of different states. Thus, the Court lacks jurisdiction to resolve this matter. Second, even if the Court overlooks this jurisdictional shortcoming, Plaintiff has failed to allege any facts against "Mr. Stephen." Plaintiff's conclusion that Mr. Stephen was negligent is insufficient to state a claim. Accordingly, the undersigned recommends that this matter be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: March 5, 2024                        /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge